# Abstracts of Last Week's
# SUPREME COURT OPINIONS

---

### No. 412
### SYLLABI

No. 19035—State, ex rel. Monroe & Son Co. v. W. E. Baker, Dir.

No. 19059—State, ex rel. Andrews Asphalt Paving Co. v. A.| V. Donahey, Governor, et al. In Mandamus.

607 HIGHWAYS—1. Resident engineer should keep plans and specifications of, in his office.

2. Director of, has discretionery powers and duties, independent of executive orders.

3. Certificate of balance in State funds for purpose of improvement, will be compelled, by mandamus on director of finance.

MARSHALL, C. J.

1. Sections 1206 and 7182, General Code, are in pari materia and should be construed together. In counties where a resident engineer

has been appointed by the state highway commissioner to superintend construction of state highways, the plans and specifications should be kept on file in the office of such resident engineer.

2. By virtue of the provisions of the "Administrative Code," 109 O. L. 105-135, the director of highways and public works is invested with certain powers and duties involving judgment and discretion independent of the governor and not subject to be controlled by executive orders.

3. By virtue of Section 2288-2, General Code no public improvement constructed by the expenditure of state funds can lawfully proceed unless the director of finance shall first certify that there is a balance in the appropriation not otherwise appropriated to pay precedent obligations. In the event the money is in fact in the fund it is the ministerial duty of the director of finance to make the required certificate and the discharge of this duty may be compelled by mandamus.

Writ allowed.

Jones, Matthias, Day, Allen and Robinson, JJ., concur. Kinkade, J., not participating.